Israel Klein, Esq. (IK 6598)
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 11th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

DAVID KLEIN,                                        Civ. Action No.:

     Plaintiff,                  **COMPLAINT**

  -against-

INTEGRA DEVELOPMENT GROUP, INC., MEIR
NITEKMAN and JACK WEISS,

     Defendants.
-----------------------------------------------------------X

### NATURE OF THE ACTION

1.  Plaintiff David Klein ("Mr. Klein" or "Plaintiff"), by and through his attorneys, Pardalis & Nohavicka, LLP, brings this action against Defendants Integra Development Group, Inc. ("Integra"), Meir Nitekman ("Mr. Nitekman") and Jack Weiss ("Mr. Weiss") (collectively, "Defendants"), seeking damages and other appropriate relief for his claims, including breach of contract and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6, §§ 190 *et seq.*, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor Regulations, for Defendants' failure to pay him overtime compensation and straight-time minimum wage compensation. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; namely, the FLSA, 29 U.S.C. §§ 201 *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

### A. Plaintiff

6. Plaintiff is a resident of the State of New Jersey. At all relevant times, Plaintiff was employed by Defendants and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190(2) and 651. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA and NYLL §§ 2, 651.

### B. Defendant Integra

7. Defendant Integra is a domestic business corporation with its principal place of business located at 34 35th Street, Brooklyn, NY 11232. At all relevant times, Defendant Integra

met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

8.    Defendant Integra provides project design and construction services throughout the United States, including the State of New York.

9.    At all relevant times, Defendant Integra maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

10.    At all relevant times, Defendant Integra was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

11.    At all relevant times, Defendant Integra's annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

## C. **Defendant Nitekman**

12.    Defendant Nitekman is a resident of the State of New York, County of Kings. At all relevant times, Defendant Nitekman was the owner, principal, authorized operator, manager, shareholder and/or agent of Defendant Integra. At all relevant times, Defendant Nitekman met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

13.    At all relevant times, Defendant Nitekman held the discretionary power to create and enforce personnel decisions on behalf of Defendant Integra, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment.

14. At all relevant times, Defendant Nitekman set and/or approved Defendant Integra's payroll policies, including the unlawful practices complained of herein.

## D. Defendant Weiss

15. Defendant Weiss is a resident of the State of New York, County of Kings. At all relevant times, Defendant Weiss was the owner, principal, authorized operator, manager, shareholder and/or agent of Defendant Integra. At all relevant times, Defendant Weiss met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

16. At all relevant times, Defendant Weiss held the discretionary power to create and enforce personnel decisions on behalf of Defendant Integra, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment.

17. At all relevant times, Defendant Weiss set and/or approved Defendant Integra's payroll policies, including the unlawful practices complained of herein.

## STATEMENT OF FACTS

### A. Defendants Fail to Pay Plaintiff Overtime and Straight-Time (Minimum Wage) Compensation

18. Plaintiff was employed by Defendants from December 27, 2021, through September 29, 2023.

19. From December 27, 2021, through October 6, 2022, Plaintiff worked for Integra as its vice president of operations.

20. From October 7, 2022, through September 29, 2023, Plaintiff worked for Integra as its purchasing manager.

21. As Defendants' vice president of operations, Plaintiff's primary duties included acting as Integra's estimator for its construction projects, which encompassed reviewing a project's scope of work and providing clients with contract prices for the cost to perform the scope of work.

22. As Defendants' purchasing manager, Plaintiff's primary duties included reviewing constructions drawings to determine what materials were required for a project's scope of work, contacting suppliers to negotiate pricing and lead times, and placing orders for the purchase of materials.

23. Plaintiff's work for Defendants as its vice president of operations often also included the work Plaintiff performed for Defendants as its purchasing manager, although such was not included in Plaintiff's job description.

24. Plaintiff's primary duties for Defendants regularly required him to engage in commerce, including but not limited to: (1) engaging in interstate communications via telephone and email with suppliers consisting of various businesses and individuals; and (2) handling and utilizing various materials, machinery and equipment produced across state lines, including but not limited to a telephone and computer.

25. From approximately December 27, 2021, through January 10, 2022, Plaintiff performed work for Integra in Integra's New York office five (5) days per week.

26. From January 10, 2022, through approximately March 2023, Plaintiff performed work for Integra remotely from his home four (4) days per week.

27. From January 10, 2022, through approximately March 2023, Plaintiff performed work for Integra in Integra's office one (1) day per week.

28.     From approximately April 2023 through September 29, 2023, Plaintiff performed work for Integra remotely from his home (5) days per week.

29.     Notwithstanding the work schedule set forth in Paragraph 28, *supra*, from approximately April 2023 through September 29, 2023, Plaintiff performed work from Integra's New York office whenever Integra held project manager meetings.

30.     From December 27, 2021, through October 6, 2022, Plaintiff's annual salary was approximately One Hundred and Eighty-Two Thousand Eight Hundred and Eight and 68/100 Dollars ($182,808.68).

31.     From October 7, 2022, through September 29, 2023, Plaintiff's annual salary was One Hundred and Two Thousand Eight Hundred and Eight and 68/100 Dollars ($102,808.68).

32.     From October 7, 2022, through September 29, 2023, Plaintiff's weekly wages were One Thousand Nine Hundred and Seventy-Seven and 09/100 Dollars ($1,977.09).

33.     Throughout his employment with Integra, Plaintiff's regular work hours were 9:00 a.m. to 5:00 p.m. five (5) days per week.

34.     Throughout his employment with Defendants, Plaintiff often performed work outside of his regular work hours, including nights and weekends.

35.     Throughout his employment with Defendants, Plaintiff often worked in excess of forty (40) hours per week.

36.     Throughout his employment with Defendants, Defendants failed to pay Plaintiff any overtime or straight-time (minimum wage) compensation for all hours worked in excess of forty (40) hours per week.

37.     In addition, Defendants failed to pay Plaintiff any wages for four (4) weeks of work.

6

38.    Defendants failed to pay Plaintiff any straight-time (minimum wage) compensation for all hours worked on March 6, 2023, through March 10, 2023.

39.    Defendants failed to pay Plaintiff any straight-time (minimum wage) compensation for all hours worked on September 11, 2023, through September 15, 2023.

40.    Defendants failed to pay Plaintiff any straight-time (minimum wage) compensation for all hours worked on September 18, 2023, through September 22, 2023.

41.    Defendants failed to pay Plaintiff any straight-time (minimum wage) compensation for all hours worked on September 25, 2023, through September 29, 2023.

42.    Plaintiff repeatedly advised Defendants that he did not receive any compensation for the four (4) weeks he worked as set forth in Paragraphs 38-41, *supra*.

43.    Despite Plaintiff's repeated requests for payment, Defendants continue to withhold Plaintiff's compensation for the four (4) weeks he worked as set forth in Paragraphs 38-41, *supra*.

44.    At all relevant times, Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

45.    Despite Plaintiff's job titles, Plaintiff was never charged or tasked, nor was Plaintiff at any point granted authority, to hire or terminate the employment of any of Defendants' employees.

46.    Despite Plaintiff's job titles, Plaintiff was never charged or tasked, nor was Plaintiff at any point granted authority, to provide suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of Defendants' employees.

47.    At times, Plaintiff did not manage or direct two (2) or more of Defendants' full time employees.

7

48.     At all times, Plaintiff was not employed by Integra as an administrative employee, executive or professional as defined in the FLSA, 29 U.S.C. § 213(a)(1) and regulations thereunder, 29 C.F.R. §§ 541.100, 541.101, 541.102, 541.104, 541.200, 541.300, 541.301, 541.302, 541.303, 541.304, 541.400, 541.402, or 541.500.

49.     At the time of Plaintiff's hiring as vice president of operations, Defendants failed to provide him with accurate notice of his hourly and overtime rates of pay.

50.     At the time of Plaintiff's hiring as purchasing manager, Defendants failed to provide him with accurate notice of his hourly and overtime rates of pay and the regular pay day designated by Defendants.

51.     Throughout his employment with Defendants, Defendants failed to provide Plaintiff with any time sheets, wage statements or other documents accurately showing the number of hours worked, rate of pay and compensation due.

52.     As a direct result of Defendants' failure to provide proper and accurate wage notices and wage statements to Plaintiff, Plaintiff suffered a concrete harm resulting from Plaintiff's lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate and overtime rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

53.     Defendants' failure to provide Plaintiff with proper and accurate wage notices and wage statements prevented Plaintiff from being able to calculate his regular hours and overtime hours worked, and proper rates of pay, and prevented Plaintiff from being able to determine if he was being paid, or if he was entitled to be paid, time-and-a-half for his overtime hours as required by the FLSA and NYLL.

54. As a direct result of Defendants' failure to timely pay Plaintiff his earned overtime and straight time (minimum wage) compensation for all hours worked, Plaintiff was deprived of the ability to timely invest such funds and/or of the additional interest that Plaintiff would have received had he deposited such funds in a standard checking or savings account and/or of the ability to timely pay off his debts and liabilities and/or of the ability to purchase new items.

**B.** **Defendants Materially Breach their Contracts with Plaintiff**

55. On October 7, 2022, Plaintiff entered into an employment agreement with Defendants ("2022 Contract"). *See* Exhibit A.

56. Pursuant to the terms of the 2022 Contract, Plaintiff was to receive an annual salary of Eighty-Five Thousand Dollars ($85,000) from Defendants. *See id.*

57. Pursuant to the terms of the 2022 Contract, Defendants agreed to "contribute 100% of the monthly premium of [Plaintiff's/Plaintiff's spouse's] health insurance plan," but Plaintiff "ha[d] the option to forgo the health insurance and have [his] salary increased by the monthly premium amount instead . . . ." *Id.*

58. Pursuant to the terms of the 2022 Contract, Plaintiff elected to forgo Defendants' health insurance payments so that his salary would be increased by the monthly premium amount.

59. As a result, pursuant to the terms of the 2022 Contract, Plaintiff's annual salary was increased to One Hundred and Two Thousand Eight Hundred and Eight and 68/100 Dollars ($102,808.68).

60. As a result, pursuant to the terms of the 2022 Contract, Plaintiff's weekly wages were One Thousand Nine Hundred and Seventy-Seven and 09/100 Dollars ($1,977.09).

61. Pursuant to the terms of the 2022 Contract, Defendants were required to provide Plaintiff with fourteen (14) days' notice prior to terminating his employment with Defendants. *See id.*

9

62.     This fourteen (14) day notice provision was a material term to the 2022 Contract, as evidenced by Plaintiff's prior written communications with Defendants expressly negotiating the incorporation of this provision. *See* Exhibit B at p. 2.

63.     At all times, in material breach of the 2022 Contract, Defendants failed to provide Plaintiff with fourteen (14) days' notice prior to terminating his employment with Defendants on September 29, 2023.

64.     At all times, in material breach of the 2022 Contract, Defendants failed to provide Plaintiff with any notice prior to terminating his employment with Defendants on September 29, 2023.

65.     Thus, pursuant to the terms of the 2022 Contract, Defendants are required to provide Plaintiff with fourteen (14) additional days of compensation after his termination at his regular rate of pay of $1,977.09 per week.

66.     At all times, in material breach of the 2022 Contract, Defendants failed to provide Plaintiff with fourteen (14) additional days of compensation after his termination at his regular rate of pay of $1,977.09 per week.

67.     Additionally, pursuant to the terms of the 2022 Contract, Plaintiff was to receive fifteen (15) days paid vacation. *See* Exhibit A.

68.      Pursuant to the terms of the employee handbook issued by Defendants to Plaintiff ("Integra Handbook"), "vacation days not taken cannot be carried over into the following year. Accrued, unused vacation time will be paid at separation." Exhibit C at p. 24.

69.     At the time that Defendants terminated Plaintiff's employment, Plaintiff had accrued fifteen (15) days of unused vacation days.

70.     Thus, pursuant to the terms of the Integra Handbook, Defendants are required to provide Plaintiff with fifteen (15) days of additional compensation after his termination at his regular rate of pay of $1,977.09 per week.

71.     At all times, in material breach of the Integra Handbook, Defendants failed to provide Plaintiff with fifteen (15) days of additional compensation after his termination at his regular rate of pay of $1,977.09 per week.

**CAUSE OF ACTION I**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA**
**(as against all Defendants)**

72.     Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

73.     The FLSA, 29 U.S.C. § 207(a)(1), requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce for all hours worked in excess of forty (40) hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."

74.     Throughout Plaintiff's employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

75.     Throughout Plaintiff's employment with Defendants, Plaintiff was an employee engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

76.     In violation of the FLSA, 29 U.S.C. § 207(a)(1), Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

77.     Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint

were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

78.    As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION II
### UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL
### (as against all Defendants)

79.    Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

80.    Part 142 of Title 12 of the Codes, Rules, and Regulations of the State of New York requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate."

81.    At all relevant times, Defendants were employers within the meaning of the NYLL.

82.    At all relevant times, Plaintiff was an employees within the meaning of the NYLL.

83.    In violation of NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2, Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

84.    Defendants' failure to pay Plaintiff his overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

85.    As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## CAUSE OF ACTION III
### UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA
#### (as against all Defendants)

86.     Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

87.     The FLSA, 29 U.S.C. § 206, requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce a statutory minimum wage for all hours worked.

88.     Throughout Plaintiff's employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

89.     Throughout Plaintiff's employment with Defendants, Plaintiff was an employee engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

90.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff straight-time wages for all hours worked in excess of forty (40) hours per week.

91.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff straight-time wages for all regular hours worked.

92.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff any compensation for the hours he worked on March 6, 2023, through March 10, 2023.

93.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 11, 2023, through September 15, 2023.

94.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 18, 2023, through September 22, 2023.

13

95.     In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 25, 2023, through September 29, 2023.

96.     Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

97.     As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of minimum wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

**CAUSE OF ACTION IV**
**UNPAID MINIMUM WAGES IN VIOLATION OF THE NYLL**
**(as against all Defendants)**

98.     Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

99.     NYLL § 652 requires an employer to pay its employees a statutory minimum wage for all hours worked.

100.    At all relevant times, Defendants were employers within the meaning of the NYLL.

101.    At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

102.    In violation of NYLL § 652, Defendants failed to pay Plaintiff straight-time wages for all hours worked in excess of forty (40) hours per week.

103.    In violation of NYLL § 652, Defendants failed to pay Plaintiff straight-time wages for all regular hours worked.

104.    In violation of NYLL § 652, Defendants failed to pay Plaintiff any compensation for the hours he worked on March 6, 2023, through March 10, 2023.

105.    In violation of NYLL § 652, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 11, 2023, through September 15, 2023.

106.    In violation of NYLL § 652, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 18, 2023, through September 22, 2023.

107.    In violation of NYLL § 652, Defendants failed to pay Plaintiff any compensation for the hours he worked on September 25, 2023, through September 29, 2023.

108.    Defendants failure to pay Plaintiff minimum wages lacked a good faith basis within the meaning of NYLL § 663.

109.    As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of minimum wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## CAUSE OF ACTION V
## FAILURE TO PROVIDE TIMELY PAYMENTS IN VIOLATION OF THE NYLL
### (as against all Defendants)

110.    Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

111.    NYLL § 191(1)(d) requires that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but no less frequently than semi-monthly, on regular pay days designated in advance by the employer."

112.    At all relevant times, Defendants were employers within the meaning of the NYLL.

113.    At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

15

114.    In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

115.    In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff straight-time wages for all regular hours worked.

116.    In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff minimum wages earned.

117.    In violation of NYLL § 191(1)(d), Defendants failed to pay Plaintiff any compensation for the hours he worked on March 6, 2023, through March 10, 2023.

118.    In violation of NYLL § 191(1)(d), Defendants failed to pay Plaintiff any compensation for the hours he worked on September 11, 2023, through September 15, 2023.

119.    In violation of NYLL § 191(1)(d), Defendants failed to pay Plaintiff any compensation for the hours he worked on September 18, 2023, through September 22, 2023.

120.    In violation of NYLL § 191(1)(d), Defendants failed to pay Plaintiff any compensation for the hours he worked on September 25, 2023, through September 29, 2023.

121.    As a direct result of Defendants' failure to timely pay Plaintiff his earned overtime and straight time (minimum wage) compensation for all hours worked, Plaintiff was deprived of the ability to timely invest such funds and/or of the additional interest that Plaintiff would have received had he deposited such funds in a standard checking or savings account and/or of the ability to timely pay off his debts and liabilities and/or of the ability to purchase new items.

122.    As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of timely minimum wages, overtime and straight-time compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs,

disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## CAUSE OF ACTION VI
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL
**(as against all Defendants)**

123.   Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

124.   NYLL § 195(3) requires an employer to furnish to each employee, together with every payment of wages, a statement that accurately lists the dates of work covered by the payment of wages, the number of regular hours and overtime hours worked, the regular and overtime rates or rates of pay, and any allowances claimed.

125.   At all relevant times, Defendants were employers within the meaning of the NYLL.

126.   At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

127.   In violation of NYLL § 195(3), Defendants failed to provide Plaintiff with any wage statements, time sheets, or other documents accurately showing the amount of hours worked, rate of pay and compensation owed.

128.   As a direct result of Defendants' failure to provide proper and accurate wage statements to Plaintiff, Plaintiff suffered a concrete harm resulting from Plaintiff's lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate and overtime rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

129.   Defendants' failure to provide Plaintiff with proper and accurate wage statements prevented Plaintiff from being able to calculate his regular hours and overtime hours worked, and

proper rates of pay, and prevented Plaintiff from being able to determine if he was being paid, or if he was entitled to be paid, time-and-a-half for his overtime hours as required by the FLSA and NYLL.

130.    As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of Two Hundred and Fifty Dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

### CAUSE OF ACTION VII
### FAILURE TO PROVIDE NOTICE AT TIME OF HIRING IN VIOLATION OF THE NYLL
### (as against all Defendants)

131.    Plaintiff hereby repeats and reallege all allegations set forth above as if fully set forth herein.

132.    NYLL § 195(1) requires an employer to provide each employee at the time of hiring with a notice containing the rate or rates of pay and basis thereof, allowances claimed as part of the minimum wage, and the regular pay day designated by the employer.

133.    At all relevant times, all Defendants were employers within the meaning of the NYLL.

134.    At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

135.    In violation of NYLL § 195(1), at the time Plaintiff was hired as vice president of operations, Defendants failed to provide Plaintiff with accurate notice of his hourly and overtime rates of pay.

136.    In violation of NYLL § 195(1), at the time Plaintiff was hired as purchasing manager, Defendants failed to provide Plaintiff with accurate notice of his hourly and overtime rates of pay, and the regular pay day designated by Defendants.

137. As a direct result of Defendants' failure to provide a proper and accurate wage notice to Plaintiff, Plaintiff suffered a concrete harm resulting from Plaintiff's lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate and overtime rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

138. Defendants' failure to provide Plaintiff with a proper and accurate wage notice prevented Plaintiff from being able to calculate his regular hours and overtime hours worked, and proper rates of pay, and prevented Plaintiff from being able to determine if he was being paid, or if he was entitled to be paid, time-and-a-half for his overtime hours as required by the FLSA and NYLL.

139. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of Fifty Dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

**CAUSE OF ACTION VIII**
**BREACH OF CONTRACT**
**(as against all Defendants)**

140. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

141. Plaintiff entered into the 2022 Contract with Defendants. *See* Exhibit A.

142. Plaintiff received the Integra Handbook from Defendants when beginning his employment for Defendants. *See* Exhibit C.

143. The 2022 Contract and Integra Handbook constitute valid, binding and enforceable contracts between Plaintiff and Defendants.

144. Pursuant to the terms of the 2022 Contract, Defendants were required to provide Plaintiff with fourteen (14) days' notice prior to terminating his employment with Defendants. *See* Exhibit A.

145. This fourteen (14) day notice provision was a material term to the 2022 Contract, as evidenced by Plaintiff's prior written communications with Defendants expressly negotiating the incorporation of this provision. *See* Exhibit B at p. 2.

146. In material breach of the 2022 Contract, Defendants failed to provide Plaintiff with fourteen (14) days' notice prior to terminating his employment with Defendants on September 29, 2023.

147. In material breach of the 2022 Contract, Defendants failed to provide Plaintiff with any notice prior to terminating his employment with Defendants on September 29, 2023.

148. In material breach of the 2022 Contract, Defendants failed to provide Plaintiff with fourteen (14) additional days of compensation after his termination at his regular rate of pay of $1,977.09 per week.

149. Additionally, pursuant to the terms of the Integra Handbook, "vacation days not taken cannot be carried over into the following year. Accrued, unused vacation time will be paid at separation." Exhibit C at p. 24.

150. At the time that Defendants terminated Plaintiff's employment, Plaintiff had accrued fifteen (15) days of unused vacation days.

151. In material breach of the Integra Handbook, Defendants failed to provide Plaintiff with fifteen (15) days of additional compensation after his termination at his regular rate of pay of $1,977.09 per week.

152.    In addition to materially breaching the express terms of the 2022 Contract and Integra Handbook, Defendants' actions breached the implied covenant of good faith and fair dealing inherent in every contract including the 2022 Contract and Integra Handbook.

153.    As a direct and proximate result of Defendants' actions, Plaintiff was caused to suffer and continues to suffer damages.

154.    As a result of Defendants' and their agents' wrongful conduct, Plaintiff is entitled to legal and equitable relief, including damages, pre-judgment and post-judgment interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests relief against Defendants and that a judgment be entered in his favor awarding the following:

a. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, NYLL Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor regulations;

b. Unpaid overtime and straight-time (minimum wage) compensation under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

c. If liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), are not awarded, an award of pre-judgment interest, pursuant to 28 U.S.C. § 1961;

d. Unpaid overtime and straight-time (minimum wage) compensation under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL §§ 198(1-a), 663(1);

e. An award of damages up to Five Thousand Dollars ($5,000), pursuant to NYLL § 198(1-b);

f. An award of damages up to Five Thousand Dollars ($5,000), pursuant to NYLL § 198(1-d);

g. An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, for Defendants' breach of contracts in an amount to be determined at trial;

h. An award of pre-judgment interest of nine percent per annum (9%), pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

i. An award of post-judgment interest, pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §§ 5003-5004;

j. An award of reasonable attorneys' fees, costs, disbursements and further, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1), 198(1-a), 198(1-b), 198(1-d), 663(1); and

k. Any such other and further relief in Plaintiff's favor as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 6, 2025

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

_____
Israel Klein, Esq. (IK 6598)
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094

Israel@pnlawyers.com
*Attorneys for Plaintiff*